359 N.W.2d 60 (1984)
In the Matter of SOUTHEASTERN MINNESOTA CITIZENS' ACTION COUNCIL, INC. (SEMCAC, INC.).
No. C4-84-1175.
Court of Appeals of Minnesota.
December 11, 1984.
*61 Duane M. Peterson, Winona, for SE MN Citizens' Action Council, Inc.
Hubert H. Humphrey, III, Atty. Gen., Robert T. Holley, Sp. Asst. Atty. Gen., Minneapolis, for the State.
Sister Mary Madonna Ashton, Commissioner of Health.
William V. Von Arx, Susan Steffen Tice, Houston County Atty., Caledonia, for Houston County Nursing Service.
Julius E. Gernes, Winona County Atty., Winona, for Winona County Public Health Nursing Services.
Robert R. Benson, Preston, for Fillmore County Public Nursing Services.
Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

OPINION
HUSPENI, Judge.
The Southeastern Minnesota Citizens' Action Council, Inc. (SEMCAC) seeks review of a decision of the Commissioner of Health denying its application to continue as the administrator of supplemental nutritional services for eligible mothers and young children in Winona and Houston Counties and to resume its position as administrator of the services in Fillmore County. The Commissioner approved the applications of the public health nursing services of the respective counties. SEMCAC contends that the Commissioner erred in applying and construing a local agency priority system included in the federal law which provides the funding for the nutritional program. We affirm.

FACTS
In 1972 Congress authorized the Department of Agriculture to make cash grants to state agencies to provide for supplemental food and nutrition education for eligible low-income women and children. See 7 C.F.R. 246.1 (1984). The state administers the Women, Infants and Children (WIC) program through local agencies. Id. In Minnesota the overall administration is provided by the Department of Health.
The Southeastern Minnesota Citizens' Action Council (SEMCAC) is a multi-county, private nonprofit organization which provides a variety of services, including medical services, to low-income citizens. It serves southeastern Minnesota, particularly the sparsely-settled areas. It has administered the WIC program for the area since 1977.
In 1982 Fillmore County applied to take over administration of the WIC program in its county. The administration of the program was awarded to Fillmore County. SEMCAC did not appeal the decision.
In 1983 SEMCAC submitted its application to continue administration of the WIC program for fiscal years 1984 and 1985 for Dodge, Houston, and Winona Counties, and to resume administration of the program in Fillmore County. The Public Health Nursing Services of Houston and Winona Counties applied to administer the program in their respective counties. The nursing service of Fillmore County submitted its application to continue administering the program in its county.
*62 In choosing between the competing agencies, the health department applied the local agency priority system set out in 7 C.F.R. § 246.5(e) (1984). That section provides:
(e) Local agency priority system. The State agency shall comply with the following requirements in the selection of new local agencies:
(1) The State agency shall select local agencies in accordance with the following priority system which is based on the availability of health and administrative services:
(i) First consideration shall be given to a public or private nonprofit health agency that will provide ongoing, routine pediatric and obstetric care and administrative services.
(ii) Second consideration shall be given to a public or private nonprofit health or human service agency that will enter into a written agreement with another agency for either ongoing, routine pediatric and obstetric care or administrative services.
(iii) Third consideration shall be given to a public or private nonprofit health agency that will enter into a written agreement with private physicians, licensed by the State, in order to provide ongoing, routine pediatric and obstetric care to a specific category of participants (women, infants or children).
(iv) Fourth consideration shall be given to a public or private nonprofit human service agency that will enter into a written agreement with private physicians, licensed by the State, to provide ongoing, routine pediatric and obstetric care.
(v) Fifth consideration shall be given to a public or private nonprofit health or human service agency that will provide ongoing, routine pediatric and obstetric care through referral to a health provider.
The department classified the public health nursing services as health agencies and SEMCAC as a human service agency. Based on these classifications, the nursing services ranked higher in the priority system than SEMCAC, so the department awarded administration of the WIC programs to the nursing services. SEMCAC appealed.
The hearing examiner concluded that the local agency priority system is inapplicable in the circumstances of this case because SEMCAC and the Nursing Service of Fillmore County, the existing administrators, are not "new local agencies" under 7 C.F.R. § 246.5(e). Based on this conclusion, the hearing examiner recommended that the Commissioner grant SEMCAC's appeal as it relates to Houston and Winona Counties and deny the appeal as it relates to Fillmore County.
The hearing examiner made additional conclusions for the purpose of avoiding a remand in the event that the Commissioner rejected the hearing examiner's threshold conclusion. In essence, he concluded that both SEMCAC and the county applicants are combination health agencies and human service agencies, and that both the WIC program within SEMCAC and the public health nursing services within the county government are health service agencies in the local agency priority system.
The Commissioner rejected the hearing examiner's conclusions and denied SEMCAC's appeal in all respects. The Commissioner concluded that the local agency priority system is applicable, that the nursing services are health agencies and SEMCAC is a human service agency for purposes of the local agency priority system, that SEMCAC had the burden of proof of showing that the Department was incorrect in awarding the administration of the WIC programs, and that SEMCAC failed to prove by a preponderance of the evidence that it could better serve WIC participants.

ISSUES
1. Did the Commissioner err in applying the local agency priority system?
2. Did the Commissioner properly classify SEMCAC as a human services agency and the nursing services as health agencies for purposes of the local agency priority system?

*63 ANALYSIS
1. SEMCAC contends that the local agency priority selection system set out in 7 C.F.R. § 246.5(e)(1) does not apply when an existing administrator of a WIC program applies for continued funding. The Commissioner acknowledges that the decisions in question were based on the application of the priority system, and contends that there is substantial evidence to support her conclusion that the priority system applies in the circumstances presented by this case.
In making the threshold determination whether the priority system applies, we are not called upon to consider whether there is substantial evidence to support the Commissioner's conclusion; rather we are called upon to decide whether the Commissioner correctly interpreted a rule. Generally, this court defers to an agency's interpretation of its own rule when the language subject to construction is so technical in nature that only a specialized agency has the experience and expertise needed to understand it, when the language is ambiguous, or when the agency interpretation is one of long standing. Wenzel v. Meeker County Welfare Board, 346 N.W.2d 680, 683 (Minn.Ct.App.1984). However, we need not defer when the language employed or the standard delineated is clear and capable of understanding. Id. at 684.
In this case, the Commissioner is not interpreting a rule which was promulgated by the Health Department, but rather is interpreting a federal rule. However, the federal rules specifically delegate to the Health Department the responsibility to administer the WIC program according to the requirements of the federal rules. 7 C.F.R. § 246.3(b) (1984). Since the Health Department must directly apply the federal rules as if they were its own, we will use the same deference in reviewing the Department's interpretation of them as we would use if the Department had promulgated them.
7 C.F.R. § 246.5 provides for the selection of local agencies. It states in part:
The State agency shall comply with the following requirements in the selection of new local agencies.
7 C.F.R. § 246.5(e) (emphasis added). SEMCAC urges us to construe the word "new" to mean that the priority system is to be applied only when the State seeks to serve additional areas or populations. The Commissioner construes the word "new" to mean "applicant," and thus applies the priority system whenever more than one application is received from agencies intending to serve the same geographic area for a new contract period. We have studied the federal regulations for the WIC program and have concluded that the language in question is ambiguous. Since it is ambiguous, we will defer to the Commissioner's interpretation.
2. Under the priority system, local agencies are classified as either a health agency or a human service agency. They are further classified according to the manner in which they provide services. A health agency which provides services in the manner adopted by the public health nursing services is ranked above a human service agency providing services in the same manner. It is undisputed that SEMCAC and the public health nursing services provide services in the same manner. Therefore, the crucial question is whether the Commissioner properly classified SEMCAC as a human services agency and the nursing services as health agencies.
SEMCAC acknowledges that it is a nonprofit agency which provides a variety of health and social services. It does not challenge the commissioner's finding that the majority of its programs and budgets deal with nonhealth items such as weatherization, energy assistance, youth training and employment, and transportation for the elderly. Further, it does not challenge the Commissioner's finding that a nursing program within a county government offers health services "almost exclusively." Rather, SEMCAC argues that a public *64 health nursing service is merely a department within the county government just as the WIC program within SEMCAC is a subdivision of it. Thus, SEMCAC concludes that no matter which category it is placed in, the category should be no different from that in which the nursing services are placed.
The Commissioner determined that subdivisions of governmental units can be classified as a local agency and thus can apply to administer a WIC program as a local agency. In making this determination, the Commissioner relied upon 7 C.F.R. § 246.5(c) which assumes that subdivisions of the state agency can apply as a local agency. The Commissioner reasoned that, if subdivisions of the state agency can apply as a local agency, then a subdivision of a county could apply as a local agency. We find this reasoning persuasive.
A subdivision of a county can be an agency for the purposes of applying to administer the WIC program. Since a county nursing service provides health services almost exclusively, the Commissioner properly classified it as a health agency. The Commissioner properly classified SEMCAC as a human services agency since the majority of its programs and budgets deals with services other than health services.

DECISION
The Commissioner correctly applied the local agency priority system. She properly classified SEMCAC as a human services agency and the nursing services as health agencies for the purpose of the local agency priority system.
Affirmed.